**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

ANTHONY McCOY,

      Plaintiff,

v.                                             Civil Action No. **3:11CV731**

HAROLD W. CLARKE, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

      Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

In the Complaint,[2] McCoy alleges:

> Today, October 3, 2011, I was informed that I will no longer be allowed to mail anymore legal mail because I've reached

---

[2] The Court has corrected the capitalization, spelling, and punctuation in the quotations to McCoy's Complaint.

a $50.00 mark & the DOC has a policy stating I can only mail up to $50.00 of legal mail (postage) until I am cut off & the only way for me to mail anymore legal mail is for the courts to call the prison and tell them I have to have certain paperwork in to the courts, & or that there's a deadline for it.  I have already sent out on October 2, 2011 my response to Civil Action No. 3:10-cv-00869-JRS McCoy v. Hurst *et al.*, but they [will not] mail it unless the Court tells them to now.  This is not right it violates my right to use the courts & what about any time in the future that I need to mail legal mail?  Please tell them I have a right to mail legal mail even though I'm poor.

(Compl. 5.)  McCoy names Harold W. Clarke, John Jabe, and Loretta K. Kelly as defendants ("Defendants").  McCoy requests injunctive relief in the form of an order telling Defendants that "I have a right to mail legal mail even though I'm poor." (*Id.* at 6.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).  Here, McCoy fails to mention Defendants in the body of his Complaint.  Accordingly, McCoy has failed to state a claim against Defendants.

Moreover, in order to plead a claim that he or she was denied access to the courts, a plaintiff must identify with specificity a non-frivolous legal claim that the defendants' actions prevented him from litigating.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996).  This requires the "'inmate [to] come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions.'" *Harrell v. Fields*, No. 3:07CV263, 2008 WL 110473, at *2 (E.D. Va. Jan. 8, 2008) (quoting *Godfrey v. Washington Cnty., Va., Sheriff*, No. 7:06-cv-00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007)).  Review of the docket from *McCoy v. Hurst*, No. 3:10CV869 (E.D. Va.), reflects that the Court received half a dozen separate submissions from McCoy between September 29, 2011 and November 9, 2011.  Such submissions refute McCoy's suggestion that Defendants' actions denied him reasonable access to the courts with respect to *McCoy v. Hurst*. *See Harrell*, 2008 WL 110473, at *2 ("Plaintiff's allegations that he was delayed in filing some paperwork in an unidentified case

insufficiently state a claim for denial of access to the courts.")  Accordingly, it is RECOMMENDED that the action be DISMISSED for failure to state a claim and as legally frivolous.

(July 25, 2013 Report and Recommendation (alterations and omission in original).)  The Court advised McCoy that he could file objections within fourteen (14) days after the entry of the Report and Recommendation.  McCoy has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)).  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED.  McCoy's claims and the action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 9-3-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge